UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMY CHENOWETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-1253 |
| | ) | |
| HILL CORRECTIONAL CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

COLIN S. BRUCE, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated at Western Illinois Correctional Center, brought the present lawsuit pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, alleging the denial of prison services and amenities at Hill Correctional Center because of his disability. Matter is before the Court for ruling on the Defendants' Motion for Summary Judgment on the Issue of Administrative Remedies (Doc. 18).

## BACKGROUND

Plaintiff's leg is amputated above the knee. Plaintiff is able to move around with the assistance of a crutch and a prosthetic leg. On June 23, 2014, Plaintiff filed the present lawsuit (Doc. 1) alleging that prison officials at Hill Correctional Center ("Hill") denied him a transfer to an ADA-compliant prison facility, and because of his disability, Plaintiff was being denied law library and shower privileges at Hill. Plaintiff filed two grievances at Hill related to these issues. The first, filed on April 28, 2014, relates Plaintiff's cell placement and his need to be placed in a lower gallery because of his disability. (Doc. 19-2). The second grievance, filed on June 9, 2014, states that Plaintiff has been denied access to the law library because of his difficulty walking up stairs. (Doc. 19-3). Both grievances were denied by the grievance officer on June

16, 2014 and June 19, 2014, respectively. (Docs. 19-4; 19-5). Shortly thereafter, the Chief Administrative Officer ("CAO") concurred with the grievance officer's decisions. Plaintiff appealed the CAO's decisions on July 14, 2014, and July 4, 2014. As of the filing of Defendants' Motion for Summary Judgment, the appeals were still pending decision by the ARB. (Doc. 19-6; Billie Greer aff. ¶ 10).

Defendants filed their Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies on October 1, 2014. As of the date of this Order, Plaintiff has not filed a response, nor has Plaintiff filed a motion seeking an extension of time to do so.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place,

and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id.*; *see Dole*, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

The Illinois Administrative Code establishes the grievance procedures for inmates of the Illinois Department of Corrections. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause…." *Id.* A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. *Id.* § 504.830(d). An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e).

Defendants argue that Plaintiff failed to exhaust his administrative remedies because he filed suit too soon, that is, before the ARB had issued a decision on his appeals. The Court agrees.

A lawsuit is "brought" for purposes of the PLRA at the time the original complaint is filed with the Clerk of Court. *Ford v. Johnson*, 362 F.3d 395, 399 (7th Cir. 2004). Plaintiff filed, and therefore brought, his lawsuit under § 1983 on June 23, 2014, shortly after receiving the CAO's decision, but prior to filing an appeal with the ARB. Because Plaintiff brought his lawsuit when the administrative process was still ongoing, the Court cannot find that the Plaintiff properly exhausted his administrative remedies for purposes of satisfying the PLRA. *See id.* at 398 (the PLRA espouses the principle of "negotiate now, litigate later," and to prevent subversion of this principle, "it is essential to keep the courthouse doors closed until those efforts have run their course."). Therefore, Defendants' Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies is granted.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [18] is GRANTED. The case is dismissed without prejudice. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. *See* Fed. R. App. P. 24(a)(1)(c).**

Entered this 10th day of April, 2015.

                        *s/Colin S. Bruce*
                        COLIN S. BRUCE
                UNITED STATES DISTRICT JUDGE